08-6085-ag
Chen v. Holder

BIA
Opaciuch, IJ
A076 388 443

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand ten.

PRESENT:
    GUIDO CALABRESI,
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
        *Circuit Judges*.

_____

ZAI XIANG CHEN,
    *Petitioner*,

    v.                                        08-6085-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
    *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zai Xiang Chen, a native and citizen of the People's Republic of China, seeks review of a November 20, 2008 order of the BIA, affirming the June 1, 2001 decision of Immigration Judge ("IJ") John Opaciuch, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zai Xiang Chen*, No. A076 388 443 (B.I.A. Nov. 20, 2008), *aff'g* No. A076 388 443 (Immig. Ct. N.Y. City June 1, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir. 2004). The applicable standards of review are well-

established. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Chen asserts that he is eligible for relief from removal because his wife was forced to undergo an abortion and to use an intrauterine device. It is unnecessary to examine the IJ's credibility findings in connection with this claim because even if such findings were flawed, remand would be futile. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 117 (2d Cir. 2007). We can predict with confidence that the agency would reach the same result upon reconsideration of Chen's claim, because, pursuant to our decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir. 2007) (en banc), Chen is not *per se* eligible for asylum based on his wife's alleged persecution.

*Shi Liang Lin* clarified that the spouse of a person who has been forced to undergo a forced abortion or sterilization may qualify for refugee status if he or she demonstrates past persecution or fear of future persecution based on "other resistance to a coercive population control program." 494 F.3d at 314; *see also* 8 U.S.C. § 1101(a)(42). Before the IJ, Chen alleged that he quarreled with family planning officials after they forced his wife to submit to

3

an abortion, and that the authorities wanted to arrest him as a result. We do not address whether such conduct could qualify as other resistance because substantial evidence supports the IJ's determination that Chen's testimony with respect to the quarrel was not credible. Notably, Chen's statements during his credible fear interview regarding the circumstances of his escape from family planning officials were inconsistent with his testimony before the IJ. Moreover, the IJ did not err in finding sufficiently reliable the record of Chen's credible fear interview, which consisted of a verbatim transcript. *See Ming Zhang v. Holder*, 585 F.3d 715, 722-26 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4